UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

DAVID KUNST,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, DAVID KUNST ("Mr. Kunst" or "Plaintiff") files this Complaint against Defendant, LOCKHEED MARTIN CORPORATION ("LM" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Pinellas County, Florida, and this venue is therefore proper.

6. Defendant is a foreign corporation that is located and does business in Pinellas County, Florida, and is therefore within the jurisdiction of the Court.

7. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

8. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

9. On or around February 1, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On or around October 25, 2022, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Mr. Kunst worked for LM, most recently as a Production Planner, from July 21, 2014, until his termination on August 13, 2020.

15. During his years with LM, Mr. Kunst was obviously a reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

16. Unfortunately, since 2009, Mr. Kunst has been hard of hearing, with his most recent hearing exam showing that he has lost 70% of his hearing ability, possibly due to another disability that he suffers, specifically diabetes.

17. In or about 2016, Mr. Kunst got hearing aids to help him in life, and at work for LM.

18. Unfortunately, Mr. Kunst's hearing has continued to deteriorate steadily over the years.

19. In October of 2019, Mr. Kunst had a new Supervisor, Patrick Adams, appointed over him.

20. Mr. Adams struggled to remember that Mr. Kunst is disabled.

21. When Mr. Kunst was forced to ask Mr. Adams to repeat remarks or instructions, Mr. Adams was entirely unsympathetic, and indeed would often become observably agitated and hostile.

22. Mr. Adams retaliated against Mr. Kunst for being disabled by putting him on a so-called "performance improvement plan," despite years of solid performance in his role.

23. Mr. Adams' already noticeable hostility towards Mr. Kunst based on Mr. Kunst's disability only worsened beginning in the Spring of 2020, as the emerging coronavirus/COVID-19 pandemic ramped up and took sway.

24. In mid-July of 2020, Mr. Adams, wearing multiple facemasks, issued instructions to Mr. Kunst while looming over Mr. Kunst in Mr. Kunst's cubicle at LM.

25. Mr. Adams's words and instructions were muffled due to the multiple facemasks.

26. Mr. Kunst asked Mr. Adams if he could stand back at a safe distance, remove his mask, and repeat what he had said.

27. Mr. Adams became redfaced with fury and insultingly wrote "EMAIL!" in capital letters on the whiteboard in Mr. Kunst's cubicle.

28. Another incident very similar to this one took place in late July of 2020, as well.

29. Not surprisingly, very shortly thereafter, on August 13, 2020, Mr. Adams informed Mr. Kunst that LM had decided to terminate his employment, effective immediately.

30. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA were intended to prevent.

31. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

32. Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as a Production Planner.

33. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability, and his need for accommodation under the ADA/FCRA.

34. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and FCRA

35. The timing of Plaintiff's termination makes the causal connection between his request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

36. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

37. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

38. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

39. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for being disabled.

40. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Plaintiff based solely upon his disability.

41. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

42. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

43. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

44. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

45. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

46. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is protected class member as envisioned by the ADA and the FCRA.

47. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

48. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

49. Defendant did not have a good faith basis for its actions.

50. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

51. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

52. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-53, above.

54. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

55. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

56. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

58. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-53, above.

61. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

62. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 8th day of December 2022.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com